```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


CRISTIAN RODRIGUEZ                        CIVIL ACTION

VERSUS                                    NO: 16-6453

ALSALAM, INC., ET AL.                     SECTION: "J"(2)
```

### ORDER & REASONS

Before the Court is Plaintiff, Cristian Rodriguez's ("Plaintiff") *Motion to Proceed as a Collective Action and for Judicial Notice to Potential Opt-In Plaintiffs* **(R. Doc. 14)**, an opposition thereto (R. Doc. 28) filed Defendants, Ahmad Dorry, Alsalam, Inc., Ariyan, Inc., and Discount Max 2, Inc., and a reply (R. Doc. 26) by Plaintiff. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND

Plaintiff brings this action against Defendants alleging that he, and others similarly situated, were not paid a minimum wage of $7.25 per hour and did not receive proper overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207. Plaintiff filed his Complaint on May 17, 2016. (R. Doc. 1.) Plaintiff alleges that he was hired by Defendants to work at a Discount Corner convenience store in New Orleans, Louisiana. *Id.* at 2. Plaintiff's responsibilities included stocking shelves,

sweeping, mopping, disposing of garbage, and other manual labor. *Id.* Plaintiff asserts that he was paid $600.00 per week, worked up to twelve hours per day and seven days a week, and was paid only $7.14 per hour. *Id.* at 3. Further, for any hours worked in excess of forty hours per week, Plaintiff alleges that he was only paid $7.14. *Id.* Plaintiff also alleges that he worked alongside "numerous" other manual laborers. *Id.*

Plaintiff alleges that Defendant Alsalam, Inc. ("Alsalam") operates the Discount Corner convenience store in New Orleans, Louisiana. *Id.* Further, Plaintiff asserts that Alsalam is an "enterprise" and an "employer", as defined by the FLSA, that is engaged in commerce or the production of goods for commerce within the meaning of the FLSA. *Id.* Defendant Ahmad Dorry is the President, Secretary, and Director of Alsalam, and Plaintiff avers that Ahmad Dorry had the authority to hire and fire him and other Alsalam employees. *Id.* at 5.

On November 1, 2016, Plaintiff filed the present *Motion to Proceed as a Collective Action and for Judicial Notice to Potential Opt-In Plaintiffs*. Plaintiff asks the Court to conditionally certify two classes. The first proposed class consists of "[a]ll individuals who worked or are working for [Alsalam, Inc. or Ahmad Dorry] during the previous three years and who are eligible for minimum wage pursuant to 29 U.S.C. § 206 and who did not receive at least $7.25 per hour." The second proposed class consists of

2

"[a]ll individuals who worked or are working for [Alsalam, Inc. or Ahmad Dorry] during the previous three years and who are eligible for overtime pay pursuant to the FLSA, 29 U.S.C. § 207 and who did not receive full overtime compensation."[1] Defendants assert that Plaintiff has failed to provide a "substantial allegation" that the putative class members are "substantially similar" or have been victims of a single decision, policy, or plan that violates the FLSA.[2] (R. Doc. 28 at 4.) Accordingly, Defendants argue that the Court should not conditionally certify Plaintiff's proposed classes. Plaintiff's motion is now before the Court on the briefs and without oral argument.

## LEGAL STANDARD

Section 207 of the FLSA provides the mandatory parameters for overtime pay. 29 U.S.C. § 207. Section 216(b) of the FLSA affords workers a right of action for violations of these parameters. *Id.* § 216(b). Workers may sue individually or collectively on behalf of "themselves and other employees similarly situated." *Id.* To participate in a collective action, each employee must give his

---

[1] Plaintiff originally sought to conditionally certify classes that included all individuals who previously worked or were currently working for Alsalam, Inc., Ariyan, Inc., Discount Max 2, Inc. or Ahmad Dorry. *See* (R. Doc. 14-1.) However, Plaintiff has limited the classes to only those individuals who are or were employees of Alsalam, Inc. and Ahmad Dorry that were not paid minimum or overtime wages. *See* (R. Doc. 28.)

[2] Defendants also argue that Plaintiff cannot be a class representative, because Plaintiff was allegedly paid $7.25 per hour for the initial forty hours he worked per week and $10.87 for all hours worked in excess of forty hours. (R. Doc. 28 at 4.) The purpose of Plaintiff's present motion is to conditionally certify a putative FLSA class. Accordingly, the Court makes no determination as to whether Defendants violated the FLSA.

consent in writing by notifying the court of his intent to opt in. *Id.* "District courts are provided with discretionary power to implement the collective action procedure through the sending of notice to potential plaintiffs." *Lima v. Int'l Catastrophe Sols., Inc.*, 493 F. Supp. 2d 793, 797 (E.D. La. 2007). The notice must be "timely, accurate and informative." *Id.* (citing *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).

Before disseminating notice to potential plaintiffs, a court must determine that the named plaintiffs and the members of the potential collective class are "similarly situated." *Basco v. Wal-Mart Stores, Inc.*, No. 00-3184, 2004 WL 1497709, at *3 (E.D. La. July 2, 2004). Courts recognize two methods of determining whether plaintiffs are sufficiently "similarly situated" to advance their claims in a single collective action pursuant to § 216(b): the two-stage class certification approach typified by *Lusardi v. Xerox Corp.*, 122 F.R.D. 463 (D.N.J. 1988), and the "spurious" class action approach espoused by *Shushan v. Univ. of Colo.*, 132 F.R.D. 263 (D. Colo. 1990).[3] *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). The Fifth Circuit has never set a legal standard for collective-action certification.

---

[3] Under the *Shushan* approach, the "similarly situated" inquiry in FLSA collective action certification is considered to be coextensive with Rule 23 class certification. In other words, the court looks at "numerosity," "commonality," "typicality" and "adequacy of representation" to determine whether a class should be certified. *Mooney*, 54 F.3d at 1214.

4

*Portillo v. Permanent Workers, LLC*, No. 15-30789, ---F. App'x ---, 2016 WL 6436839, at *2 (5th Cir. Oct. 31, 2016) (citing *Roussell v. Brinker Int'l, Inc.*, 441 F. App'x 222, 226 (5th Cir. 2011) (internal quotations omitted)). However, *Lusardi* is the prevailing approach among the district courts in this circuit and around the country. *See id.* at *3 n.14 (noting that most courts have adopted or approved the *Lusardi* approach); *see also Banegas v. Calmar Corp.*, No. 15-593, 2015 WL 4730734, at *3 (E.D. La. Aug. 10, 2015).

The *Lusardi* approach comprises two stages. *Acevedo*, 600 F.3d at 519; *Mooney*, 54 F.3d at 1213. First, during the "notice stage," the court conducts an initial inquiry of "whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." *Acevedo*, 600 F.3d at 519; *accord Mooney*, 54 F.3d at 1213-14. Courts usually base this decision upon "the pleadings and any affidavits which have been submitted." *Mooney*, 54 F.3d at 1214. Because of the limited evidence available at this stage, "this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id.* (footnote omitted). Although the standard is lenient, "it is by no means automatic." *Lima*, 493 F. Supp. 2d at 798. If the court conditionally certifies the class, putative class members are given notice and the opportunity to opt in. *Mooney*, 54 F.3d at

1214. The case then proceeds through discovery as a representative action. *Id.*

The second stage is usually triggered by a motion for decertification filed by the defendant, typically "after discovery is largely complete and more information on the case is available." *Acevedo*, 600 F.3d at 519. At this stage, the court "makes a final determination of whether all plaintiffs are sufficiently similarly situated to proceed together in a single action." *Id.* If the plaintiffs are not similarly situated, the court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. *Mooney*, 54 F.3d at 1214.

## DISCUSSION

The fundamental inquiry presented at the conditional certification stage is whether the named plaintiff and members of the potential collective class are "similarly situated" for purposes of § 216(b). *Lopez v. Hal Collums Constr., LLC*, No. 15-4113, 2015 WL 7302243, at *5 (E.D. La. Nov. 18, 2015). The FLSA does not define the term "similarly situated," and the Fifth Circuit has "not ruled on how district courts should determine whether plaintiffs are sufficiently 'similarly situated' to advance their claims together in a single § 216(b) action." *Prejean v. O'Brien's Response Mgmt., Inc.*, No. 12-1045, 2013 WL 5960674, at *4 (E.D. La. Nov. 6, 2013) (quoting *Acevedo*, 600 F.3d at 518-19). Rather, this determination requires a fact-intensive, ad hoc

6

analysis. *Id.* at *5; *Kuperman v. ICF Int'l*, No. 08-565, 2008 WL 4809167, at *5 (E.D. La. Nov. 3, 2008). Although a lenient standard is applied at the notice stage, "the court still requires at least 'substantial allegations that the putative class members were together the victims of a single decision, policy, or plan [that violated the FLSA].'" *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999) (citation omitted) (quoting *Mooney*, 54 F.3d at 1214 n.8). Conditional certification is appropriate when there is "a demonstrated similarity among the individual situations . . . [and] some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged [policy or practice]." *Xavier v. Belfor USA Grp., Inc.*, 585 F. Supp. 2d 873, 877-78 (E.D. La. 2008). As mentioned above, this determination is usually based on the pleadings and any affidavits that have been submitted. *Mooney*, 54 F.3d at 1214.

Plaintiff submitted an unsworn declaration under penalty of perjury to support his position that there are other workers who are similarly situated to him. (R. Doc. 14-2.) Plaintiff states that he worked at the Discount Corner store located in Orleans Parish, Louisiana. *Id.* Plaintiff also says that he was hired as a laborer to stock shelves, sweep, mop, and dispose of the store's garbage. *Id.* Plaintiff asserts that he worked alongside other

7

laborers employed by Ahmad and that these laborers worked the same shifts and were paid the same amount as him. [4]

Although the standard for conditional certification is lenient, it is not automatic. *Wellman v. Grand Isle Shipyard, Inc.*, No. 14-831, 2014 WL 5810529, at *3 (E.D. La. Nov. 7, 2014) (citing *Lima*, 493 F. Supp. 2d at 798). The Court finds that Plaintiff's declaration is insufficient to prove that a potential class of "similarly situated" individuals exists. *See Crowley v. Paint & Body Experts of Slidell, Inc.*, No. 14-172, 2014 WL 2506519, at *7 (E.D. La. June 3, 2014) (citing *Stiles v. F.F.E. Transp. Serv., Inc.*, No. 09-1535, 2010 WL 935469 (N.D. Tex. Mar 15, 2010) (noting that vague and conclusory statements are insufficient evidence of a single policy, decision, or plan). Plaintiff's declaration fails to allege that he and the putative class members were victims of a singular decision, policy, or practice. *See Mooney*, 54 F.3d at 1214 n.8. Furthermore, Plaintiff has not provided affidavits from any other employee employed by Ahmad Dorry who worked at Alsalam; indeed, Plaintiff fails to even name or identify any other individuals who were not paid overtime or minimum wage by Ahmad Dorry at Alsalam. Moreover, there is no suggestion that other

---

[4] Plaintiff also states in his declaration that he spoke to a person named Reynerio, who works at another store, and that Reynerio did not receive overtime pay. (R. Doc. 14-2.) However, this assertion does not demonstrate that there are other similarly situated employees who were not paid overtime or minimum wage and worked for Ahmad Dorry at Alsalam, because Reynario did not work for Ahmad Dorry at Alsalam.

8

individuals who worked for Ahmad Dorry at Alsalam desire to join this class. This Court has declined to conditionally certify an FLSA class under nearly identical conditions and declines to do so in this case. *See Crowley*, 2014 WL 2506519, at *7-8 (denying unopposed motions for conditional certification of FLSA class when plaintiffs did not provide affidavits from any other employees, failed to name or identify any other individuals who were not paid overtime, and did not even suggest other individuals desired to opt in).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Proceed as a Collective Action and for Judicial Notice to Potential Opt-In Plaintiffs* **(R. Doc. 14)** is **DENIED**.

New Orleans, Louisiana this 17th day of February, 2017.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE